UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MIDDLESEX MUTUAL ASSURANCE COMPANY
d/b/a MiddleOak a/s/o Chason Management,

       Plaintiff,       **Hon. Hugh B. Scott**

                 16CV814A

       v.           **Order**

SARAH BRITTON,

       Defendant.

Before this Court is plaintiff's motion to compel defendant's deposition (Docket No. 29) and defendant's cross-motion to compel the deposition of plaintiff's witnesses and other production (Docket No. 31). Responses to plaintiff's original motion were due by December 6, 2017, with replies due December 13, 2017 (Docket No. 30). With defendant's cross-motion, response to that motion was due by December 29, 2017, and the motions were argued on January 10, 2018 (Docket No. 32; see Docket No. 34, minutes). While this motion was pending, this Court held the Scheduling Order (Docket No. 28) deadlines in abeyance (Docket No. 35).

Upon consideration of these motions, it is hereby **ORDERED** that plaintiff's Motion to Compel (Docket No. 29) is **GRANTED** and defendant's Cross-Motion to Compel (Docket No. 31) is **DENIED IN PART** as explained below.

BACKGROUND

This is a diversity subrogation action. The claim arises from a fire at the insured premises at 7 Hedge Court, Snyder, New York (see Docket No. 1, Compl.). Plaintiff insured the fire-damaged property, filing this subrogation action on behalf of insured Chason Management (Docket No. 29, Pl. Motion to Compel ¶ 2).

The initial Scheduling Order (Docket No. 12) had discovery completed by August 15, 2017 (id.). After amendments (Docket Nos. 16, 28), the current amended Scheduling Order has discovery due by January 31, 2018, with plaintiff's expert disclosure was due by November 24, 2017, and defendant's expert disclosure by December 21, 2017, and dispositive motions due May 1, 2018 (Docket No. 28).

Plaintiff moved to compel defendant's deposition, having sought this deposition since September 2017 (Docket No. 29, Pl. Memo.). On September 22, 2017, plaintiff's counsel emailed defense counsel seeking dates for defendant's deposition (id., Pl. Motion to Compel ¶ 3, Ex. A) but defense counsel did not respond (id. ¶ 4). Plaintiff's counsel then sent follow up emails to defense counsel but without response (id. ¶¶ 5-9, Exs. B-D). Plaintiff ultimately noticed defendant's deposition for November 20, 2017 (id. ¶ 10, Ex. E), and then filed its motion on November 15, 2017 (Docket No. 29, Pl. Notice of Motion to Compel).

Defendant, in responding to plaintiff's motion, cross moved to compel the deposition of a corporate representative of plaintiff, and identified witnesses for plaintiff (Docket No. 31). Defendant also seeks to depose a representative of Chason Management; Chason Affinity Companies' office manager, Kathleen Ziemba; Chason Affinity's community manager, Michael Murphy; general adjuster from Vericlaim, Inc., William Termer; and plaintiff's two identified

2

experts, Allyn Borrino and Michael Wald (id., Def. Atty. Affirm. ¶ 2) (collectively hereinafter "plaintiff's witnesses"). On or about February 8, 2017, defendant served Rule 26(a)(1) disclosures and notices for depositions and demand for verified bill of particulars (id. ¶ 5). On or about February 10, 2017, plaintiff served its Rule 26(a)(1) disclosures, listing the witnesses defendant seeks to depose (id. ¶ 6). On May 24, 2017, defendant served notices to depose a representative of plaintiff and of Chason Management and two plaintiff's experts (id. ¶ 7), and then, on July 13, 2017, she noticed the deposition of Ziemba, Murphy, and Termer (id. ¶ 8). She also wants a verified bill of particulars from plaintiff and document production (id.).

Defendant argues that since she noticed her depositions before plaintiff that she should enjoy priority (Docket No. 31, Def. Memo. at 2), without any citation of authority for this proposition. While noting that the Federal Rules of Civil Procedure no longer provide for priority of depositions (Docket No. 31, Def. Atty. Affirm. ¶ 19), plaintiff urges this Court to exercise priority "in the interest of justice and fundamental fairness" (Docket No. 31, Def. Memo. at 3; id., Def. Atty. Affirm. ¶ 19) to have defendant's depositions held first. In opposition to plaintiff's motion to compel, defendant argues that she has been diligent in defending this action (id., Def. Atty. Affirm. ¶ 16) and acted in good faith in providing responses to plaintiff's demands (see id. ¶¶ 16-17). She urges that she should depose plaintiff's witnesses before she testifies (id. ¶ 19; see also Docket No. 34, minutes (argument of defense counsel)).

Both sides claim that they contacted their opponent to schedule their respective depositions without word from their opponent. Defendant contends, however, that "although Plaintiff's counsel has also made some good faith efforts to schedule some depositions, it is unclear and confusing to your affiant who is to be deposed and when" (id., Def. Atty. Affirm. ¶ 13).

3

Plaintiff argues that there is no civil bill of particulars under the Federal Rules of Civil Procedure. Alternatively to that technical argument, it has treated the request for a bill of particulars as Interrogatories and said that it has answered them (as well as producing documents) (Docket No. 33, Pl. Response ¶¶ 21, 22), but did not produce its disclosure in its response. During argument, plaintiff stated that document discovery has been completed (Docket No. 34, minutes), and defendant did not counter that assertion.

## DISCUSSION

I.  Motions to Compel Depositions

Discovery under the Federal Rules is intended to reveal relevant documents and testimony, but this process is supposed to occur with a minimum of judicial intervention. See 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 655-65 (Civil 2d ed. 1994). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons having knowledge of any discoverable matter." Fed. R. Civ. P. 26(b)(1) (effective Dec. 1, 2007).

Federal Rule 26(b)(2)(i) allows this Court to limit the scope and means for discovery if "the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive." Under Rule 26(c), this Court may issue a protective Order (not sought here) to protect a party "from annoyance, embarrassment, oppression, or undue burden or expense" by not having a proposed disclosure or discovery device, or conditioning the time and manner of that discovery. Fed. R. Civ. P. 26(c)(1), (1)(B)-(C); see id. R. 26(c)(1)(D) (limit the scope or the matters inquired into).

Federal Rule of Civil Procedure 37(a) allows a party to apply to the Court for an Order compelling discovery, with that motion including a certification that the movant in good faith conferred or attempted to confer with the party not making the disclosure to secure that disclosure without court intervention. Fed. R. Civ. P. 37(a)(2)(A). Similarly, under Rule 26(c), prior to obtaining a protective order the movants must certify that they have in good faith conferred or attempted to confer with the other affected parties in an effort to resolve the dispute without court intervention, Fed. R. Civ. P. 26(c). Under Rule 26(c), the Court has power to protect against abuses in discovery. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 34 (1984). The appropriateness of a protective Order is a balance of the litigation needs of the requesting party and the protectable interests of the party from whom discovery is sought. Mitchell v. Fishbein, 227 F.R.D. 239, 245 (S.D.N.Y. 2005). This Court has broad discretion in issuing such a protective order. Seattle Times, supra, 467 U.S. at 36.

Defendant invokes two concepts that the current Federal Rules of Civil Procedure have abrogated. First, defendant seeks priority of her depositions since she noticed them before plaintiff noticed its deposition of her (see Docket No. 31, Def. Memo.). As defendant concedes (Docket No. 31, Def. Atty. Affirm. ¶ 19), priority of deposition from which party noticed the examination first was abolished from the Federal Rules in 1970 when Rule 26(d) was amended, Occidental Chem. Corp. v. OHM Remediation Servs., 168 F.R.D. 13, 14 (W.D.N.Y. 1996) (Foschio, Mag. J.); 6-26 Moore's Federal Practice—Civil § 26.122. When contested, the sequence of discovery is set at the discretion of this Court, Occidental, supra, 168 F.R.D. at 14. This Court **declines to set priority or adopt defendant's wish to grant her priority**. While defendant argues that she noticed her depositions before plaintiff, plaintiff moved to compel its deposition while defendant waited until

5

that motion was filed and cross-moved to compel. An ample extension of the discovery deadline (as entered below) will allow both sides to complete all discovery, regardless of which party goes first.

Plaintiff showed its good faith in trying to schedule defendant's deposition. Defendant also has shown its similar good faith. Effort from both parties is needed, however, to work out the timing for conducting depositions. On the present record, there is no inherent reason why one party should go before the other. Defendant argues fundamental fairness should have her go forward first, but a party should not wait to depose her opponent first before being questioned herself. In addition, defendant now invoking priority and fundamental fairness failed to take the initiative after her depositions were not held in moving to compel in the first instance rather than responding to plaintiff's motion to compel its deposition by cross moving. This Court at this time **will not exercise its discretion to schedule the depositions for the parties**. The parties are to use the same good faith effort in seeking their respective depositions as asserted in their motions to work out an examination schedule convenient for all concerned. With the discovery deadline (as set forth below) to be completed within **75 days** of entry of this Order, there will be sufficient time to conduct all the desired depositions. If the parties cannot agree on a schedule for these depositions, this Court reluctantly may exercise its discretion in setting one for them; such a schedule possibly will be at random as to the priority, and with little regard for the convenience of the parties, witnesses, or counsel.

Second, defendant moves to compel from plaintiff a civil Bill of Particulars. Rule 12(e) was amended in 1948 to eliminate bills of particulars, 5C Charles A. Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus, A. Benjamin Spencer, and Adam N. Steinman, Federal Practice and Procedure Civil § 1375 (3d ed. Civil 2017). Technically, a bill of particulars was not a discovery device but an amplification of a pleading, see 2 Moore's Federal Practice—Civil

§ 12App.102 (2017). Plaintiff claims that it treated the demand for a bill of particulars as Interrogatories and answered them. At oral argument, defendant does not object to any Answers to Interrogatories she obtained. Those Interrogatory Answers are sufficient. Defendant is not entitled to a bill of particulars under the Federal Rules but she did receive Answers to her re-characterized demand. Her cross-motion to compel production of a bill of particulars (Docket No. 31) is **denied**, but defendant considered here demand to be Interrogatories that it subsequently answered; this part of the cross-motion is alternatively **deemed moot**.

Plaintiff's motion (Docket No. 29) to compel defendant's deposition is **granted**. Plaintiff's cross-motion (Docket No. 31) is **granted in part** (that plaintiff's witnesses be deposed), but **denied in part** (that defendant's deposition of those witnesses does not have priority over plaintiff's deposition).

II.     Third Amended Scheduling Order

To allow the parties to complete discovery (especially, the discovery just discussed), the Court amends the current Second Amended Scheduling Order (Docket No. 28) as follows:

- Discovery from both sides is to be completed by **April 23, 2018**, or **75 days** from entry of this Order;
- As a result, dispositive motions are now due by **July 23, 2018**;
- Referral to mediation ends by **July 31, 2018**;
- If no dispositive motions are filed, the parties are to contact the Chambers of Judge Vilardo by **July 31, 2018**, to schedule a Pretrial Conference to set a trial date.

CONCLUSION

For the reasons stated above, plaintiff's Motion to Compel (Docket No. 29) is **granted** and defendant's Cross-Motion to Compel (Docket No. 31) is **granted in part, denied in part** as detailed above. As stated above, discovery from both sides is to be completed by **April 23, 2018**.

So Ordered.

*/s/ Hugh B. Scott*
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
February 7, 2018